## (April 10, 1963)

■    In the Matter of FORSYTHE PLUMBING & HEATING CORP. et al., Appellants, v. CLIFTON W. PHALEN et al., Constituting the State University Construction Fund, et al., Respondents.— Petitioners appeal from an order of the Supreme Court in an article 78 proceeding which denied their application for an order removing Sanitation Mechanics, Inc., as the successful low bidder for the plumbing installation in a new building to be constructed in connection with the State University of New York Downstate Medical Center in Brooklyn, and awarding the contract therefor to the petitioners as the second low bidder, and which dismissed the proceeding. Petitioners' bid for the sanitary and plumbing construction was $3,222,000, which is $191,000 more than the low bid of Sanitation Mechanics, Inc. Petitioners seeks the removal of Sanitation Mechanics, Inc., as subcontractor on the grounds that it does not hold a plumbers' license issued by the City of New York; that it is not a qualified and responsible bidder; that it is not authorized by its certificate of incorporation to do plumbing work, and that collusion exists between it and Lasker-Goldman Corp., the general contractor. The last two grounds are entirely lacking in merit because, although it does not use the word "plumbing", the certificate of incorporation of Sanitation Mechanics, Inc., is clearly broad enough to include the work called for by this contract, and there is no factual support whatever for the conclusory allegation of collusion. The State University Construction Fund was created by article 8-A of the Education Law (L. 1962, ch. 251), and subdivision 7 of section 376 of the Education Law expressly authorized the Fund to award one contract for all the work to be performed without separate contracts for subdivisions of the work to be performed. This was done here, and a contract for the entire construction, including the sanitary work, was let to Lasker-Goldman Corp., whose qualifications are not questioned. However, the Fund did advertise for separate bids on some subdivisions of the project, including the sanitary and plumbing work, and accepted the bid of Sanitation Mechanics, Inc., and required Lasker-Goldman Corp. to enter into a contract with Sanitation Mechanics, Inc., as a subcontractor. The Fund did not enter into any direct contractual relations with Sanitation Mechanics, Inc. Subdivision 3 of section 375 of the Education Law provides, among other things, that no city shall have the power to require that any person, firm or corporation engaged in construction work for State University purposes obtain " any other or additional authority or permit from such * * * city * * * as a condition of doing such work, nor shall any

condition whatever be imposed by any such \* \* \* city \* \* \* in relation to the work being done pursuant to this article ". The section then provides that the work shall be solely controlled by the supervising architect or engineer. Substantially the same provision relating to State construction work, contained in section 6 of the Public Buildings Law, has been in effect since 1906. Thus it has long been the established legislative policy of the State to exempt State building projects from local regulations and local municipal authority for the work to be done or the manner in which it shall be done. The reason for this is quite obvious, for it appears that the State has its own architects and engineers who prepare the specifications and who inspect and supervise the actual work being done. The objection of the petitioners goes more to form than to substance, for it appears without dispute that Sanitation Mechanics, Inc., through local trade unions will hire plumbers licensed by the City of New York to do the actual work. There is no adequate showing that Sanitation Mechanics, Inc., is not financially and otherwise qualified to perform the subcontract. Moreover, the Fund's only contract is with Lasker-Goldman Corp., the general contractor, which has provided a performance bond for the full amount of its contract, including the work to be done by Sanitation Mechanics, Inc. Under the circumstances demonstrated by this record there is no justification for judicial interference with the acts of the agency charged with the responsibility for the construction. Order affirmed, with $10 costs and disbursements to respondents filing briefs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.